ALBERT W. PAINE, and another, Trustees, in equity,

.*vs.*

WILLIAM J. FORSAITH, and another, Trustees.

Penobscot.   Opinion December 5, 1891.

*Trust.   Vested equitable fee.   Power of disposal.   Will.   Widow's Allowance.*
*R. S., c. 65, § 21;  c. 74, § 35.*

A deed of trust, which provides that the income of the property conveyed shall be paid in certain ways during the grantor's lifetime, and at his death go to the persons named as trustees and their heirs and assigns forever, vests in such persons a present equitable fee in the property, subject to the execution of the trusts.

This construction is not prevented by a clause in the deed that the grantees may dispose of their interests by will; nor by a clause to the effect that in

case of the death of the grantees before the grantor dies, their heirs shall succeed to the estate in right of inheritance by representation. These clauses add nothing to the devise, nor take anything therefrom.

A will devising all of one's estate, real, personal and mixed, embraces all property acquired after the date of the will, and owned by the testator at his death; a contrary intent not being visible on the face of the will.

A widow is entitled to an allowance out of assets coming to the estate of her husband some years after a previous allowance not based on the new assets.

On report.

This was a bill of interpleader to obtain the construction, by the court, of the respective rights and duties of the parties under the different trusts, set forth in the bill, which arose in the settlement of the estates of the late John W. Veazie, and his son Alfred. The complainants as executors of Alfred's will claimed that, under the will, upon the death of his father one half of his estate which had been conveyed, since Alfred made his will, in trust to his son, had passed to them.

The case, heard upon bill and answer, and in which other questions are submitted by the parties to the court, is fully stated in the opinion.

*A. W. Paine*, for plaintiffs.

*Wilson and Woodard*, for Etta H. Veazie and children.

Peters, C. J.    This bill in equity calls for a construction of clauses in the following deed of trust and amendment thereto :

" Know all persons by these presents, that I, John W. Veazie, having fully determined to retire from active participation in business, in order, whilst leaving for myself independent support during life, also to express my affection for and confidence in my two children, Alfred Veazie and Annie Veazie Forsaith ; and in consideration of one dollar to me in hand paid by the said Alfred Veazie and Annie Veazie Forsaith, do hereby, sell assign, transfer and set over unto the said Alfred Veazie and Annie Veazie Forsaith, certain property and interests in property, both real, personal and mixed, as follows, namely :" (Here follows a description of the property conveyed, which appears to have been at that date wholly personal.)

" To have and to hold to them, the said Alfred Veazie and Annie Veazie Forsaith, and the suvivor of them, and his or her

heirs or assigns, in trust, for the following uses and purposes : To keep and maintain the principal of said trust estates safely invested according to their best judgment, and from the income thereof to pay to me the sum of five thousand dollars ($5,000,) each year during my natural life, provided the same is called for by me, and payable from time to time as called for.

"2d. From the annual income remaining after the above payment is made to me, to pay to Annie Veazie Forsaith, the sum of two thousand dollars ($2,000) annually during my life.   .   .   .

"3d. From the annual income of said trust estate remaining after the annuity to myself and the one provided to be paid to Annie Veazie Forsaith, to pay to Alfred Veazie the income of said estate up to the sum of two thousand dollars ($2,000) per annum, and what remains of said income if anything, to pay and divide equally between the said Alfred Veazie and Annie Veazie Forsaith during my life.   .   .   .

"Finally to provide from the income of the trust property or otherwise, within two years from my decease, the sum of ten thousand dollars ($10,000) which shall be subject to my appointment and distribution if I so choose by will or other written instrument, and after the execution of all the trusts herein created, that they, the said Alfred Veazie and Annie Veazie Forsaith should have and hold said property the subject of this trust in whatsoever form it may be, and wherever situated, as their absolute property discharged of said trust.   To them and their heirs and assigns in fee simple forever, share and share alike, and be entitled at once to the possession of the realty and personal property constituting said trust estate.

"In case of the death of either or both of my children before the termination of this trust their respective heirs succeed in right of inheritance by representation.

"In witness of which I have hereunto set my hand and seal on this twenty-second day of February, Anno Domino eighteen hundred and seventy-nine."

"Before the final delivery of the deed and declaration of trust contained on the foregoing pages, I make the following modifications therein, to wit :

"1st. Either of my children, the said Alfred and Annie V., may dispose by will of their intrest in the estate embraced in the trust.

"2d. In case of the decease of the said Annie V. Forsaith, before my decease, I appoint William J. Forsaith, her husband, to be co-trustee in her place and stead, and in case of the death of the said Alfred during the continuance of the trust, then his wife, Etta Hodsdon Veazie, or whomsoever else he, the said Alfred, may by will or other proper instrument appoint, is appointed co-trustee in his place and stead, and the surviving trustee is to make conveyances accordingly.

"3d. The setting apart of ten thousand dollars within two years from my decease, is made conditioned and contingent upon the existence of a will or other written instrument disposing of it.

"4th. Full authority is given to the trustees to manage the trust in every respect without recourse to any court for authority, for execution of deeds or otherwise.

"Dated at Bangor, this twenty-seventh day of February, A. D., 1879.   Sealed with my seal.

JOHN W. VEAZIE." (L. S.)

The two instruments were duly executed in the form of deeds and delivered to the grantees, who immediately received possession of the property described therein.   Both of the grantees died before the grantor, other trustees succeeding them according to the terms of the trust.   The grantor died in 1891, his death terminating the trust.   All parties interested unite in asking the opinion of the court upon certain questions involved.

*First:*   Did these instruments carry to Alfred and Annie personally, the trustees first named, a vested equitable fee in the estate described, subject to the trusts imposed thereon? We think so.   The father evidently designed to rid himself of further care of his property, surrendering it to his children, who were to apply the income in certain ways during their father's lifetime, and at his death, take the remainder to themselves.   It was a present, absolute right to be enjoyed in the future.   Rop. Leg. *553 ; *Verrill* v. *Weymouth*, 68 Maine, 318 ; *Buck* v. *Paine*, 75 Maine, 582.

What, if anything, casts a shadow of doubt upon the correctness of this interpretation, is found in the clause which provides that, in case of the death of either or both of the children before the termination of the trust, "their heirs succeed in right of inheritance by representation." But we think in view of all parts of the document, it was not intended that the fee in Alfred and Annie would become devested upon any condition that they should not survive their father. The questionable words were evidently used however unnecessarily, to emphasise rather than to weaken the idea of an absolute and unconditional conveyance. Whilst a right of inheritance is given in the first instrument, a right to dispose of the same property by will is given to the grantees in the second, the two clauses expressing the same right that existed without the authority of such clauses. They added nothing — subtracted nothing. It could not be supposed that the fee would descend to the heirs of a trustee who should dispose of his interest differently by will. And Alfred Veazie, as is to be seen, devised his interest by his will.

*Second:* Does the will of Alfred Veazie, made before the trust was created, operate upon the estate which he acquired in the deed of trust afterwards?

The will, omitting formal and immaterial parts, is as follows: " All my estate, real, personal and mixed of every description, I give and bequeath to Albert W. Paine and Charles V. Lord, and their survivor and successors and their heirs and assigns forever in trust for the following uses and purposes. They will take charge of and manage the said estate as they shall think best, having full power and authority to sell and convey any part of the real estate as well as personal, whenever they desire to do so. All the proceeds and cash effects of my estate they will invest in such manner as they think advisable, including the purchase of real estate if they wish, the same to be held as such trustees. My debts they will pay as may be convenient . . . and out of any surplus or other funds on hand from earnings or sales they will pay to my widow, so long as she shall remain such, the annual sum of twenty-five hundred dollars· . . and also pay whatever in their opinion may be requisite

for the support and education of our daughter Alice during her minority. . . . Upon her arrival at the age of thirty-five years the trust shall cease and the whole estate becomes hers in fee, unless her mother be then alive and my widow, in which case the trust shall continue until her death or marriage, and then cease and the property then to become our daughter's to be held by her and her heirs and assigns in fee.

"I appoint my trustees, whoever they may be, to be executors of my estate. Dated December 16, 1871."

The will was modified by codicil in 1872, so as to extend its provisions equally to two children, one having been born since the will was executed, but there is no need of extending a copy of the codicil here.

We have no doubt that the will operated upon this after acquired property. Our statute declares that real estate, owned by a testator, the title to which was acquired after the will was executed, will pass by it, when such appears to have been his intention. R. S., c. 74, § 35. And at common law personal property passes unless a contrary intent clearly appears. In this case the whole will pulsates with the intention of a full and final disposition of all property, real, personal and mixed. The implication is irresistible.

*Third:* The funds in question are to be paid to the persons who are both executors and trustees under Alfred Veazie's will, to be administered by them as executors until his estate be freed from claims against it, and then to be held by them as trustees according to the terms of the will.

*Fourth:* The widow of Alfred Veazie, clearly enough, has a claim against the estate in the executors' hands for a personal allowance. Sect. 21, c. 65, R. S., provides that a widow, although she has already received an allowance after a waiver of any testamentary provision in her behalf, may receive a further allowance if the estate, after a representation of insolvency proves to be a solvent estate, or if additional personal property comes to the knowledge of the judge, which was not calculated upon when the first allowance was made. Impelled by pressing needs and the discouraging aspect of the estate, rendered insol-

vent, the widow waived the provision made for her in her husband's will. The fact that the husband attempted to secure a liberal provision for his wife in his will, which unfortunately failed to be of benefit to her, should have great weight in estimating the amount of an additional allowance from the new assets.

The result is that the respondents, William J. Forsaith and Etta H. Veazie, present trustees and custodians of the estate, be required to pay and deliver over to the complainants, executors of Alfred Veazie's will, one-half of all the net funds and property, belonging to such estate, which may remain in their possession after the other trusts imposed upon the property shall be finally administered.

Counsel fees and compensation for disbursements may be allowed both sides out of the fund to be passed over from respondents to the complainants.

               *Bill sustained without costs. Decree according*
                     *to the opinion.*

VIRGIN, LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.